UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BOWNES,

    Plaintiff,                                  CIVIL ACTION NO. 07-10673

    v.                                       DISTRICT JUDGE VICTORIA A. ROBERTS
                                               MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work prior to December 31, 2003, when his insured status expired.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on February 18, 2004, alleging that he had become disabled and unable to work on January 24, 2001, at age 50, due to severe joint pain[1]. Benefits were denied by the Social Security

---

[1] Plaintiff filed a prior application for disability insurance benefits alleging the same disability as the present application, which was denied by the SSA and not pursued further (TR 17-18). Consequently, res judicata applies to the determination of Plaintiff's condition through the date of the unchallenged administrative decision (January 23, 2001). Bagby v. Harris, 650 F.2d 836 (6th Cir. 1981), cert. denied 454 U.S. 1087 (1981). A federal court may not review the Commissioner's refusal to reopen a previous application absent a constitutional challenge. Blacha v. Secretary, 927 F.2d 228, 231-232 (6th Cir. 1990). Plaintiff does not take issue with the SSA's application of res judicata.

Administration (SSA). A requested de novo hearing was held on March 2, 2006, before Administrative Law Judge (ALJ) Melvyn Kalt. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work providing a sit-stand option prior to December 31, 2003, when his insured status expired. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

     Plaintiff was 52 years old at the time his insured status expired (TR 264). He had been graduated from high school, and had been employed by General Motors during the relevant past as a quality control handler (TR 264-265). As a quality control handler, he did a lot of walking and standing. He had to constantly bend down and reach over his head. He was required to lift upwards of 70 pounds on a regular basis (TR 56-57, 266). Claimant stopped working in July 1999, due to severe joint pain (TR 267). The claimant testified that he remained disabled due to chronic pain in his hands, neck, back, ankles and knees (TR 267-268). He also experienced swelling in his right elbow and fingers (TR 268). Plaintiff added that he had been treated for gout, which allegedly prevented him from walking during outbreaks (TR 271-272). Pain medications proved ineffective and made him feel dizzy (TR 272). He alleged that he frequently needed to sit with his legs elevated in order to relieve his pain and fatigue (TR 276). Plaintiff declared that he could not lift more than a half gallon of milk (TR 274). He claimed that he had no friends and socialized only with his girlfriend (TR 276-278).

A Vocational Expert, Christian Barrett, classified Plaintiff's past work as heavy, unskilled activity (TR 279). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[2] (TR 279). If he were capable of light work, however, there were numerous unskilled packaging, sorting, inspection and assembly jobs that he could perform with minimal vocational adjustment (TR 279). These jobs provided a sit-stand option, and would allow him to elevate his legs up to 10 inches while working (TR 279-280).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of severe joint pain and periodic bouts of gout, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain required him to work at jobs that allowed a sit-stand option. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert, prior to December 31, 2003, when his insured status expired.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant

---

[2]The witness opined that claimant's alleged need to lie down with his feet elevated for most of the day would preclude all work activity (TR 279-280).

evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that he remains capable of performing a limited range of light work activity. He also argues that the ALJ improperly evaluated his credibility, particularly with regard to the functional limitations caused by his periodic bouts of gout. Plaintiff further argues that his arthritic joint pain was severe enough to meet section 14.09 of the Listing of Impairments. Defendant counters that the claimant retains the residual functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of his joint pain or gout.

## INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of

receiving DIB benefits expired on December 31, 2003, and thus she cannot be found disabled unless he can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of his present disability, Plaintiff must prove that he was disabled prior to December 31, 2003, when his insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work prior to the expiration of his insured status. The medical evidence did not support claimant's allegations of totally disabling joint and gout pain.

Contrary to Plaintiff's assertion, his arthritic joint pain was not severe enough to meet or equal section 14.09 of the Listing of Impairments. In order to meet this section of the Listings, Plaintiff would have to demonstrate that he suffered from inflammatory arthritis causing serious functional deficits. The medical record, however, revealed that Plaintiff did not require significant treatment for arthritic pain during the relevant period.

Claimant was evaluated for complaints of pain and swelling in his left foot in March 2002, but X-rays indicated just mild degenerative changes (TR 114). A consultative examination by Dr. Moises Alviar on May 8, 2004, noted that Plaintiff enjoyed a good range of back and shoulder motion, and that he was able to get on and off the examining table

5

without difficulty. No major neurological deficits were observed, and claimant's gait and dexterity remained intact. While Plaintiff exhibited some limitation of cervical spine motion and weakness of the right hand, X-rays of several joints indicated degenerative, rather than inflammatory, arthritic changes (TR 98-103).

The examination by Dr. Aliviar, occurring five months after claimant's date of last insured, revealed that Plaintiff exhibited a normal gait, intact dexterity, a good range of lumbar and shoulder motion and no weakness in the lower extremities. Consequently, the medical record did not demonstrate that the claimant suffered from inflammatory arthritis causing serious functional deficits needed to meet section 14.03 of the Listing of Impairments during the period of his insured status.

Plaintiff also contends that the ALJ did not take into account his periodic bouts of gout when making his residual functional capacity evaluation. While the claimant was treated twice for gout during the relevant period, the condition responded well to treatment with medication alone. Nevertheless, the ALJ accommodated any limitations imposed during these occasional outbreaks by restricting Plaintiff to jobs that permitted a sit-stand option. In view of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from joint pain and gout were not fully credible.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the

witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled packaging, sorting, inspection and assembly jobs that he could perform with minimal vocational adjustment (TR 279). These jobs provided a sit-stand option, and would allow him to elevate his legs up to 10 inches while working (TR 279-280). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity prior to December 2003, when his insured status expired.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof

as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: August 10, 2007

___

**CERTIFICATE OF SERVICE**

I hereby certify on August 10, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 10, 2007. **None.**

s/Michael E. Lang<br>
Deputy Clerk to<br>
Magistrate Judge Donald A. Scheer<br>
(313) 234-5217