**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ANTHONY BOWNES,**

          **Plaintiff(s),**     **CASE NUMBER: 07-10673**
                                    **HONORABLE VICTORIA A. ROBERTS**

**v.**

**COMMISSIONER OF SOCIAL SECURITY**,

          **Defendant(s).**
_____/

**ORDER**

**I.**     **INTRODUCTION**

This matter is before the Court on the parties' cross Motions for Summary

Judgment. Magistrate Judge Donald A. Scheer recommends the Court DENY Plaintiff's

motion and GRANT Defendant's motion. The Court **ADOPTS** Magistrate Scheer's

recommendation.

**II.**     **PROCEDURAL HISTORY AND FACTS**

Magistrate Scheer adequately summarizes the relevant facts and procedural

history. His summary is incorporated here.

**III.**     **STANDARD OF REVIEW**

In the Social Security context, the district court reviews the decision of the

Commissioner for a determination of whether the decision exceeds statutory authority or

is arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*,

482 U.S. 137, 145 (1987). This Court must review the Administrative Law Judge's

1

decision to determine whether it is supported by "substantial evidence." "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. *Casey v. Secretary of Health & Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). This standard presupposes that there is a "zone of choice" within which the Administrative Law Judge ("ALJ") may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve fact issues in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility determinations. *Id.*

## IV.   ARGUMENTS

There are five factors the Social Security Administration uses to determine eligibility for benefits. Plaintiff must establish that: (1) he is not presently engaged in gainful employment; (2) he suffered from a severe impairment; and (3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 and was of sufficient duration. If Plaintiff does not meet his burden at step three, he may still meet his burden at step four by proving he did not have the "residual

functional capacity" ("RFC") to perform past work. *Jones v. Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If Plaintiff satisfies his burden, the burden shifts to the Commissioner for the fifth factor to show there is other work available in the economy that the claimant can perform. 20 C.F.R. §§ 404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of Vocational Expert ("VE") testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

## A.    Plaintiff's Claims

Plaintiff Anthony Bownes seeks disability benefits from January 24, 2001, claiming disability due to arthritis. Plaintiff's past work experience includes employment as a quality control handler.

Plaintiff claims he has chronic pain in his lower back, knees, and elbow. Tr. 270-271. Plaintiff claims to also have Rheumatoid Arthritis in his neck and shoulders that sometimes prevents him from moving his neck. Plaintiff's right elbow swells, but the severity depends on the weather. Tr. 268. When he tries to carry an object or use a key to open a door, his fingers lock. Tr. 269. He also claims to have trouble walking more than a block and climbing stairs because his knees lock. Tr. 274-275. In addition, Plaintiff cannot stand for long periods because his legs become numb. He elevates his legs daily. Tr. 273. Plaintiff says he has gout in his feet that travels to his knees. Tr. 271-272. The gout pain subsides with medication, but he becomes dizzy, and he

cannot operate a machine or drive a car. Tr. 272.

Despite his pain, Plaintiff reported he can: (1) do light housework; (2) lift a broom; and (3) dress himself. Tr. 274, 277-278.

### B. Magistrate's Recommendation

To determine the range of suitable alternative jobs available for persons with Plaintiff's limitations, the ALJ asked the VE to imagine an individual who must alternate between sitting and standing at will and who cannot lift more than 10 pounds on a repeated basis and 20 pounds occasionally. Using this hypothetical, the VE testified that such an individual could work in a light occupation as a packager, sorter, inspector, and assembler. There are about 7,000 jobs available in the metropolitan area and 14,000 in the state. The VE also testified that: (1) the side effects of Plaintiff's medication; (2) the frequency and severity of his pain and numbness; and (3) the necessity to frequently elevate his legs, all preclude Plaintiff from sustaining any type of purposeful activity sufficient to complete a work day. The VE said Plaintiff could elevate his legs eight to 10 inches while performing the jobs mentioned, but could not perform the jobs if he needed to elevate them higher. Tr. 279-280.

Upon an evaluation of the evidence, the ALJ determined that Plaintiff's impairments or combination of impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also determined that Plaintiff's testimony regarding the extent of his limitations was not fully corroborated by the objective medical evidence. Based on these determinations, the ALJ found Plaintiff has the RFC for light work with the ability to alternate between sitting and standing as needed. The ALJ concluded Plaintiff was not under a "disability" as

defined in the Social Security Act.

The Magistrate recommends the Court uphold the ALJ's decision. He says there is substantial evidence that Plaintiff retains the RFC for a limited range of light work, and his arthritic pain is not severe enough to meet or medically equal 20 C.F.R. Part 404, Subpart P, Appendix 1, §14.09. According to the Magistrate, the objective medical evidence does not show Plaintiff suffers from "inflammatory arthritis causing serious functional deficits." The Magistrate acknowledges there is evidence – when taken in isolation – that suggests Plaintiff is totally disabled, but says special deference is owed to the credibility findings of the ALJ. *See Beavers v. Secretary*, 577 F.2d 383, 387 (6th Cir. 1978).

### C.    Plaintiff's Objection

Plaintiff seeks remand. He asserts that gout meets the requirement of 20 C.F.R. Part 404, Subpart P, Appendix 1, §14.09 because it incapacitates him during a "flare up." Plaintiff says a sit/stand option would not accommodate him during such a period. According to Plaintiff, the Magistrate improperly focused on his abilities when the gout was dormant and did not cause functional limitations.

Defendant did not respond.

## V.    ANALYSIS

In order for Plaintiff's impairments to meet the requirements of "inflammatory arthritis," he must have a "[h]istory of joint pain, swelling, and tenderness, and signs on current physical examination of joint inflammation or deformity in two or more major joints resulting in inability to ambulate effectively or inability to perform fine and gross movements effectively, as defined in 14.00B6b and 1.00B2b and B2c[.]" 20 C.F.R. Part

404, Subpart P, Appendix 1, §14.09.

The medical evidence does not show the inability of Plaintiff to ambulate effectively or to perform fine and gross movements effectively.  Instead, Dr. Moises Alviar, M.D., who conducted a physical examination of Plaintiff, says he was "able to get off and on the examination table with no problem."  "He [was] able to do tiptoe walking, tandem walking, and heel walking."  And, his "gait [was] normal."  There was also "[n]o abnormalities in the range of motion of [Plaintiff's] shoulders, elbows, as well as [his] wrists."  Plaintiff was only unable to squat.  Tr. 98.

The Court appreciates Plaintiff's argument that he is totally incapacitated during gout "flare ups" and his concern that the medical examination occurred while the gout was dormant.  However, the ALJ's determination of whether Plaintiff's impairments or combination of impairments meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 must be supported by substantial evidence. *See Bogle*, 998 F.2d at 346; *see also* 42 U.S.C. §405(g) (stating the findings of the Commissioner as to any fact is conclusive if it is supported by substantial evidence). The evidence supports the ALJ's finding; not Plaintiff's position.  The ALJ did not exceed his statutory authority, and the result was not arbitrary and capricious.

## VI.    CONCLUSION

The Court **ADOPTS** the Magistrate's R&R.  It **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

**IT IS ORDERED**.

                                                s/Victoria A. Roberts

                                                Victoria A. Roberts
                                                United States District Judge

Dated:  January 29, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 29, 2008. <br><br> s/Linda Vertriest <br> Deputy Clerk |